11 CIV 6935

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MARQUEZ STEWART,

                              Plaintiff,          COMPLAINT
                                                  WITH JURY DEMAND

        -against-

THE CITY OF NEW YORK, CAPTAIN CHARLES
GIRVEN, SERGEANT ``JOHN'' LABURDA, both
Being sued in their individual and
Official capacities,

                              Defendants.
------------------------------------------X



The Plaintiff, MAQUES STEWART, by his attorneys, CRONIN & BYCZEK,
LLP, as and for his Complaint against the Defendants, respectfully set
forth:

## NATURE OF ACTION

1.    This is an action for declaratory relief and damages to
secure protection of and to redress deprivation of rights secured by
the United States Constitution, New York State Executive Law §296, the
New York City Human Rights Law, the New York City Administrative Code
§8-107, Title VII of the Civil Rights Act of 1964, as amended, and for
Failure to Promote providing for relief against discrimination in
employment and to correct unlawful employment practices on the basis
of the Plaintiff's race, national origin, and in retaliation for prior
opposition to discrimination.    This action also seeks relief for
violations of the Civil Rights Acts 42 USC §§1981 and 1983.

2.    Additionally, this claim seeks money damages, both accrued
and prospective, on behalf of the Plaintiff and attorneys fees

pursuant to 42 U.S.C. §1988.

## JURISDICTION

3.    The jurisdiction of this Court is invoked based upon federal questions.    Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. §2000e through 2000e(15) and the New York State Executive Law §296, and the New York City Human Rights Law.

4.    The rights, privileges, and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, provisions against race discrimination based on 42 U.S.C. §§1981 and 1983, provisions against racial discrimination in employment based on Title VII of the Civil Rights Act of 1964, as amended, Failure to Promote and guidelines and rules promulgated thereunder, along with the applicable provisions of the New York State Constitution and the New York City Human Rights Law.

5.    Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to state claims set forth herein.

## PRE-REQUISITES TO CLAIMS UNDER TITLE VII

6.    On or about March 9, 2010, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity

Commission ("EEOC") which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, Title VII of the Civil Rights Act, as amended.

7.    Said Complaint charged employment discrimination against Plaintiff, by the Defendants, because of Plaintiff's race and color and retaliation.

8.    On or about July 5, 2011, Plaintiff received a "Right to Sue" letter advising him of the completion of prerequisites to suit in federal court.   A copy of the "Right to Sue" letter issued to Plaintiff is annexed hereto as Exhibit "A".


## VENUE


9.    Venue exists in the Southern District of this Court, County of New York, and State of New York, based upon Defendants' place of business.

10.    Further, the causes of action accrued within New York State (specifically, within the City of New York) based upon the situs of all acts charged and based upon violations of United States Constitution, Title VII of the Civil Rights Act of 1964, New York State Constitution and the New York State Executive Law, and the New York City Human Rights Law and Administrative Code.

## PARTIES

11.   Plaintiff, MARQUES STEWART, is a resident of the State of New York and resides within the confines of the City of New York, and is a citizen of the United States.

12.   Defendant, CITY OF NEW YORK ("NYC"), is a municipal corporation duly organized under the laws of the City and State of New York, having its place of business within the City of New York, and including as its function operating, managing and financing the New York City POLICE DEPARTMENT.

13.   Defendant CHARLES GIRVEN ("GIRVEN") was a New York City Police Officer and Captain, at all times relevant employed by the New York City Police Department, and a supervisor whose direct supervision includes Detective Bureau Manhattan, 28th Squad of NYPD.  At all times relevant, GIRVEN was the Plaintiff's superior officer and is sued in his individual and official capacities.

14.   Defendant ``JOHN'' LABURDA ("LABURDA") was a New York City Police Officer and Sergeant, at all times relevant employed by the New York City Police Department, and a supervisor whose direct supervision includes Detective Bureau Manhattan, 28th Squad of NYPD.  At all times relevant, LABURDA was the Plaintiff's superior officer and is sued in his individual and official capacities.

## FACTS UNDERLYING PLAINTIFF'S CAUSES OF ACTION

15.   Plaintiff is a black male who opposes discriminatory

practices, and as such, is a member of a protected class.  Throughout Plaintiff's career with the New York City Police Department (``NYPD''), Plaintiff has charged his supervisors/Defendants with discrimination based upon their unlawful intentional pattern and practice of race discrimination.

16.  Plaintiff commenced his service with NYPD afterserving on active duty in the United States Army from 1980 to 1989.  Plaintiff was honorably discharged from the Army in the rank of Staff Sergeant E6.

17.  Plaintiff is currently employed by the NYPD.  He began his career with NYPD on April 30, 1991.

18. After successful completion of the NYPD academy training, Plaintiff was assigned to Patrol where he remained until his promotion to Detective 3rd Grade on or about 1996.

19.  Plaintiff has had only one minor discipline issue in 19 years and otherwise has a clean and exemplary record consisting of stellar evaluation reports.  Additionally, Plaintiff was never late, never ask to leave early and Plaintiff has never been placed on any kind of chronic sick report.

20.  Additionally, Plaintiff has received numerous commendations and awards.  Over Plaintiff's career he has received two Meritorious Police Duty and six Excellent Police Duty awards. The Detective Endowment Association gave Plaintiff an award in 2002 and the Rockaway Community Organization made Plaintiff the ``Cop of the Month'' in 2006.

21.  Finally, during the pertinent period herein Plaintiff

gained the honor of maintaining the second highest Gun Apprehension record in all of Queens County for which he received an award.

## FAILURE TO TRAIN/PROMOTE

22. During the course of Plaintiff's career as a Detective 3rd Grade, Plaintiff has sought but never received the necessary training in order to advance his career in comparison to other Detective 3rd Grade White officers. On numerous occasions Plaintiff has requested specialized training but has never been permitted to go yet the White Detectives have routinely been permitted to go despite having less seniority, less activity and some with more discipline issues.

23. Since 2009 Plaintiff has requested to attend ``CIC training'' and ``homicide training''. Plaintiff has been refused training which would have increased his chances for promotion to 2nd Grade Detective while Plaintiff's White counterparts, who do not enjoy as successful or lengthy a career and who have not filed OEEO/EEOC complaints, have been permitted such training and received promotions to 2nd Grade Detective.

24. On November 4, 2009 two White members of Plaintiff's squad were put in for 2nd Grade promotion. Plaintiff's Detective Squad had seven black males and seven white males. Many of the Black males including Plaintiff were just as qualified if not more than the two White Detectives.

25. Notwithstanding Plaintiff's successful career and extensive experience and training in undercover work including gun

apprehensions and felony arrests, Plaintiff has been passed over for 2nd Grade promotion for the past 15 years.

26.  The last promotion that Plaintiff was passed over for occurred in or about October/November 2009.  A comparison of the two white males recommended for 2nd Grade to Plaintiff's NYPD record shows that the white males fell short in each and every category.

27.  Had Plaintiff been properly and lawfully promoted to 2nd Grade Detective during the past 15 years, Plaintiff would now have been promoted and holding the title of Detective 1st Grade if one compares the Plaintiff to other Detective 2nd Grade Officers who were promoted to 1st Grade holding the same if not less seniority.

## OEEO/COMPLAINT RECORD

28.  Since 2008 Plaintiff has made numerous complaints to his Commanding Officers with respect to discriminatory assignment of overtime, hostile work environment, unfair discipline and failure to train and promote him, all to no avail.

29.  As recently as May 2009, Plaintiff complained to his commanding officer, Defendant GIRVEN regarding OEEO policy and GIRVEN's failure to comply with OEEO policy.

30.  As a result of Plaintiff's internal complaints of discrimination he has been retaliated against by being denied promotions, unfairly disciplined, denied overtime and training.

## UNFAIR DISCIPLINE/ADVERSE EMPLOYMENT ACTIONS

31.  On or about May 15, 2009, Det. Miriam Valentin asked Plaintiff to drive an NYPD box truck from Queens to Manhattan. Plaintiff told Det. Valentin that he was not qualified and not comfortable driving such a large vehicle.  Subsequently, Lt. Mylott called Plaintiff and ordered Plaintiff to drive the truck despite knowing that he was not comfortable driving such a large vehicle or accept a Command Discipline.  At that point Plaintiff requested the Lieutenant's name for which she took great umbrage and threatened discipline.

32.  Plaintiff despite not being comfortable driving such a large vehicle followed the Lieutenant's order and drove the truck to Queens and back to Manhattan.

33.  Lt. Mylott spoke with Plaintiff's direct squad commander regarding brining disciplinary charges against Plaintiff.  While my direct Squad Commander refused to write a command discipline against me at the behest of Lt. Mylott, Capt. Girven retaliated against me by writing a discipline not for failing to drive the truck (I was not qualified so they could not do that) but for the catchall discipline of ``discourtesy'' to a superior, on May 15, 2009.

34.  Prior to being issued the Command Discipline on May 15, 2009, Defendant GIRVEN had threatened Plaintiff with unfounded disciplinary charges in retaliation for Plaintiff's prior complaints of discrimination.

35.   Shortly after receiving this unjust and unfair discipline, Plaintiff received for the first time in his career as a Detective an evaluation of ``3.5''.  Plaintiff's evaluations for the prior five years were always ``4.0 or 4.5''.

36.   Upon information and belief, promotion to 2nd Grade requires ``4.0'' or better.  As per the Patrol Guide requirements, Plaintiff requested to appeal his evaluation, a conference for which was to have taken place within 30 days.  Plaintiff never received a conference or an answer to his appeal.

37.   On or about June 12, 2009, Defendant GIRVEN again threatened discipline when he returned from a non-departmental precinct party and signed the command log around midnight and made the statement in front of numerous officers at the change of tour, ``you still here? That may change tomorrow'' (``tomorrow'' was the scheduled day for the adjudication of Plaintiff's discipline).

38.   On or about November 6, 2009, Plaintiff was informed by Deputy Inspector Connell that if plaintiff did not accept a penalty of lost time of four hours for the Command Discipline, Plaintiff would be issued Charges and Specification and would go to full trial, a process unheard of in such a minor situation.

39.   Additionally, when writing the Command Discipline Report Defendant GIRVEN accused Plaintiff of not having told Lt. Mylott his private cell phone number and erroneously telling the Lieutenant that Plaintiff did not have a cell phone.  It is undisputed that this disciplinary specification is ``made up'' or retaliatory because the Patrol Guide at Procedure No. 203-06 paragraph 17 prohibits wearing

or carrying an unauthorized peeper/pager and/or cellular telephone while on duty''.

40.    Finally, Defendant GIRVEN retaliated against Plaintiff by telling Plaintiff that he should transfer out of the 28th Detective Squad and to the 20th Precinct.    Plaintiff refused the transfer to the 20th Precinct but has requested transfers out of the 28th Detective Squad so he could get away from Defendant GIRVEN in the past.    Said requests have been denied.

<u>HOSTILE WORK ENVIRONMENT</u>

41.    Since Plaintiff's promotion to Detective 3rd Grade in 1996, he has experienced hostility and discrimination based on his race and skin color.    In an effort to ``fit in'' and not ``rock the boat'', Plaintiff had been reluctant to complain until 2008.

42.    Plaintiff's utilization within the Detective Bureau of the NYPD is being limited by Defendants to the NYPD's ability to utilize Plaintiff based on his race and color.

43.    Plaintiff has always been a team player and willing to cooperate in the interests of promoting the mandate of NYPD in keeping the peace and detecting and suppressing crime.

44.    Plaintiff has repeatedly requested vacation time, overtime and transfers only to be turned down in favor of white officers with less seniority and even lower performance records.

45.    Plaintiff has been subjected to continuous and impermissible discrimination based upon his race, color and in

retaliation, in that Plaintiff has been treated differently than similarly situated non black detectives in the terms and conditions of his employment with the NYPD.

46.    While assigned to his current detective squad, Plaintiff was told by a White Sergeant to ``clean up'' after his White co-workers who had vomited on the precinct couch and in the radio motor patrol car due to their drunkenness.  This was known to Plaintiff's supervisors.

47.    In the beginning of 2010, Plaintiff was forced by his supervisor Defendant Sgt. Laburda, a White male, to view a photograph of the Sergeant ejaculating on a black female's rear end. Subsequently, Plaintiff was forced to endure endless joking and commentary concerning the photo by members of the Detective Squad.

48.    Additionally, Defendant LABURDA purposely and consistently uses the word ``nigger'' without appropriateness to the conversation. When Plaintiff complained about this offensive behavior to Defendant LABURDA's attention, he dismissed it. Furthermore, Defendant LABURDA referred to Plaintiff and other black officers as ``NWA'' (the names of a black rap group known as ``Niggers With Attitude'').

49.    At times during 2009/2010 Defendant GIRVEN would hang around the room where we are eating and play with Plaintiff's take out food.  Said conduct was done to harass Plaintiff and bother him. Defendant GIRVEN never did this to the White male detectives.

50.    Sometime in late 2009/early 2010, Plaintiff was called upon to investigate ``shots fired'' and found that the youth who claimed he was shot was not actually shot.  When Plaintiff attempted to

explain to his White Lieutenant that the individual was not shot so as to not waste the department's resources by continuing the investigation, the Lieutenant retaliated against me by insisting that Plaintiff continue the investigation knowing that there was no injury to the individual.

51.  All of these discriminatory acts have resulted in extreme emotional and physical distress and economic damage.  Plaintiff has been forced to seek professional and medical help to deal with insomnia, headaches, eye strain and weight gain.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1981 AGAINST ALL DEFENDANTS

52.  The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through ``51" with the same force and effect as if fully set forth herein.

53.  Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

54.  Plaintiff has been deprived of his Constitutional Rights to be free of discrimination based upon race, and color and been damaged and suffered emotional distress and conscious pain and suffering and

economically as a result of these actions.

55. The actions of Defendants, in depriving Plaintiff, of his Constitutional and Civil Rights, as hereinbefore stated, were willful and malicious acts.

56. In addition to Plaintiff, Defendants have similarly violated the rights of other officers, all as part of a deliberate policy and a deliberate course of conduct.

57. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiff has been damaged mentally, emotionally and economically in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

58. Based on the foregoing, Plaintiff is entitled to punitive and exemplary damages in the sum of THREE MILLION ($3,000,000.00) DOLLARS against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 AGAINST THE INDIVIDUAL DEFENDANTS

59. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through ``58'' with the same force and effect as if fully set forth herein.

60. Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State

Constitution.

61.    Plaintiff has been deprived of his Constitutional Rights to be free of discrimination based upon his race and color, and retaliated against in opposition to discrimination, and has been damaged and suffered economically, emotional distress and conscious pain and suffering as a result of these actions.

62.    The actions of Defendants, in depriving Plaintiffs of their constitutional and civil rights, as hereinbefore stated, were willful and malicious acts.

63.    In addition to Plaintiff, Defendants have similarly violated the rights of other officers, all as part of a deliberate policy and practice and a deliberate course of conduct.

64.    As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiffs have been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

65.    Based on the foregoing, Plaintiff IS entitled to punitive and exemplary damages in the sum of THREE MILLION ($3,000,000.00) DOLLARS against the individual defendants.

### AS AND FOR AN THIRD CAUSE OF ACTION
### PURSUANT TO TITLE VII OF THE CIVIL
### RIGHTS ACT AS AMENDED (RACE AND
### COLOR AND RETALIATION) AGAINST THE CITY OF NEW YORK

66.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through ``65'' with the same force and effect as if fully set forth herein.

67.    Based upon the above, the Plaintiff was discriminated

against by Defendant CITY OF NEW YORK by being forced to endure continued and repeated discrimination because of his race, color and retaliation for opposition to discrimination.

68. The Defendant, CITY by and through the conduct of the individual Defendants as well as other unnamed individuals, intentionally and willfully harassed Plaintiff on account of his race, color and opposition to discrimination, thereby violating Title VII of the Civil Rights Act of 1964 as amended.

69. As a result of the Defendant CITY's conduct, the Plaintiff has suffered economic loss, pain, humiliation, extreme emotional distress and continues to suffer to this day, and further, as a result of the Defendant's conduct, the Plaintiff has suffered both professionally and personally.

70. As a result of the foregoing, the Plaintiffs have been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO PROMOTE

71. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through ``70'' with the same force and effect as if fully set forth herein.

72. Plaintiff belongs to a protected class based on his race and having complained of discrimination within the work place.

73. Plaintiff has sought on numerous occasions and has been eligible for promotion for over ten (10) years during which time the NYPD and the City of New York was seeking to promote Detectives 3rd

Grade to 2nd Grade and 1st Grade.

74. Despite Plaintiff being more qualified than many of the Detectives that were promoted throughout the past ten (10) years, Plaintiff was never promoted and, in fact, rejected for promotion.

75. Defendants promoted other Detectives who were White and had less qualification for promotion than the Plaintiff while continuing to seek applicants for promotion to Detective 2nd Grad and Detective 1st Grade.

76. As a result of the Defendants' conduct, the Plaintiff has suffered economic loss, pain, humiliation, extreme emotional distress and continues to suffer to this day, and further, as a result of the Defendants' conduct, the Plaintiff has suffered both professionally and personally.

77. As a result of the foregoing, the Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS. Additionally, the Plaintiffs seek THREE MILLION ($3,000,000.00) DOLLARS in punitive damages from each of the individual Defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO NEW YORK STATE EXECUTIVE LAW §296 AGAINST ALL DEFENDANTS

78. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through ``77'' with the same force and effect as if fully set forth herein.

79. Based on the foregoing, the Defendants intentionally and willfully discriminated against the Plaintiff in his employment on account of his race, color and opposition to discriminatory practices,

in violation of New York State Executive Law §296.

80.   Plaintiff was continuously victimized by the Defendants' failure to promote the Plaintiff, but rather promote non-minority officers with less seniority and experience.

81.   Even though Defendants were aware of Plaintiff's seniority and better qualifications, no actions taken by them were effective in correcting the discrimination suffered by Plaintiff.

82.   Such conduct on the part of the Defendants and all others, without cause or justification, violated the Plaintiff's Civil Rights guaranteed under the New York State Constitution and the New York State Executive Law §296.

83.   As a result of the Defendants' actions and of the deprivations of Plaintiff's rights as guaranteed under New York State Executive Law §296, the Plaintiff has suffered economic loss, pain, humiliation and extreme emotional distress.

84.   As a result of the wrongful, careless, reckless and intentional acts of the Defendants, the Plaintiffs have been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.   Additionally, Plaintiffs seek THREE MILLION ($3,000,000.00) DOLLARS in punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST NYPD AND CITY OF NEW YORK UNDER THE NEW YORK CITY ADMINISTRATIVE CODE §8-107(1) ET.SEQ. AND THE NEW YORK CITY HUMAN RIGHTS LAW FOR RACE AND COLOR, AND RETALIATION DISCRIMINATION

85.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through ``84'' with the same force and effect as if fully set forth herein.

86.    The Defendants' treatment of Plaintiff and his complaints based upon race, color and opposition to discrimination, constitutes discrimination in violation of the New York Administrative Code §8-107(1) et.seq. and the New York City Human Rights Law.

87.    The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of the Defendants.

88.    Because of the foregoing, Plaintiffs have been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.    Additionally, Plaintiff seeks THREE MILLION ($3,000,000.00) DOLLARS in punitive damages against all individual defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that this Honorable Court grant the following relief:

1.    Declaring the aforementioned actions of the Defendants unconstitutional and in violation of the New York State Constitution, the United States Constitution, applicable statutes, and the New York State Executive Law §296;

2.    Declaring the aforementioned discriminatory actions of the Defendants, in their individual and official capacities, in violation of New York State Executive Law §296;

3.    Granting Plaintiff money damages in the amount of no less than THREE MILLION ($3,000,000.00) DOLLARS in compensatory damages or in an amount to be proven at trial;

4.    Granting Plaintiff THREE MILLION ($3,000.000.00) DOLLARS in punitive damages;

5.    Granting each Plaintiff permanent injunctive relief;

6.    Compelling the Defendant, CITY, to establish firm and objective criteria for the promotion of Detectives with the NYPD;

7.    Granting Plaintiff all costs of this action including reasonable attorneys' fees incurred by Plaintiff; and

8.    Granting the Plaintiff such other and further relief as may be just.

<u>JURY TRIAL</u>

The Plaintiff, requests a jury trial on all questions of fact raised by the Complaint.

Dated:    Lake Success, New York
          September 30, 2011


                    CRONIN & BYCZEK, LLP


                    _____
                    Rocco G. Avallone (RA8055)
                    1983 Marcus Avenue, Suite C-120
                    Lake Success, New York 11042
                    (516) 358-1700

EEOC Form 161-B (11/09)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Marques Stewart**
**97-11 Horace Harding Expressway**
**Apt. 6-B**
**Corona, NY 11368**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2010-01619** | **Donna M. Walcott**<br>**Senior Investigator** | **(212) 336-3679** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin Berry* (signature)

**Kevin J. Berry**
**District Director**

**JUL 01 2011**

*(Date Mailed)*

Enclosures(s)

cc:
**RESPONDENT'S REPRESENTATIVE**
Thomas Doepsner
Asst. Deputy Commissioner
NYC POLICE DEPARTMENT
1 Police Plaza
Room 1406
New York, NY 10010

**CHARGING PARTY'S ATTORNEY**
Linda Cronin, Esq.
CRONIN & BYCZEK, LLP
Fountains at Lake Success
1983 Marcus Avenue, Suite C-120
Lake Success, NY 11042

*Index No.*                         *Year* 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARQUEZ STEWART,

                                                    Plaintiffs,

            - against -

THE CITY OF NEW YORK, et al.,

                                                    Defendants.

SUMMONS AND COMPLAINT

**CRONIN & BYCZEK, LLP**
**ATTORNEYS AT LAW**
**1983 MARCUS AVENUE**
**STE C120**
**LAKE SUCCESS, NY 11042**

(516) 358-1700

*To:*

*Attorney(s) for*

*Service of a copy of the within*                          *is hereby admitted.*

*Dated:*

............................................................

                                    *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐           *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*          20
ENTRY

☐           *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF   *one of the judges of the within named Court,*
SETTLEMENT  *at*
            *on*                        20           *, at*           *M.*

*Dated:*

**CRONIN & BYCZEK, LLP**
**ATTORNEYS AT LAW**
**1983 MARCUS AVENUE**
**STE C120**
**LAKE SUCCESS, NY 11042**

*To:*